UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                      No. 23-34

RAYSHAUD GREEN                                         SECTION I

### ORDER & REASONS

Before the Court is defendant Rayshaud Green's ("defendant") *pro se* motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes defendant's motion.[2] For the reasons below, the Court dismisses the motion without prejudice.

### I.   BACKGROUND

On May 29, 2024, defendant pleaded guilty to Counts 2 and 3 of a superseding indictment.[3] Count 2 charged defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).[4] Count 3 charged defendant with possession of a machine gun in violation of 18 U.S.C. § 922(o).[5]

On September 18, 2024, this Court sentenced defendant to concurrent sentences of 180 months of imprisonment as to count 2 and 120 months of

---

[1] R. Doc. No. 242.
[2] R. Doc. No. 244.
[3] R. Doc. No. 189 at 1.
[4] *Id.*
[5] *Id.*

1

imprisonment as to count 3.[6] Additionally, this Court imposed a three-year term of supervised release to follow defendant's term of imprisonment.[7]

On September 24, 2024, defendant filed a notice[8] of appeal, appealing his case to the U.S. Fifth Circuit Court of Appeals. Defendant's appeal was scheduled for oral argument on October 8, 2025.[9] On September 3, 2025, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence before this Court, arguing that the factual basis[10] was inaccurate and that he received ineffective assistance of counsel.[11]

## II.  STANDARD OF LAW

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The petitioner bears the burden of proving his claim by a preponderance of the evidence. *United States v. Boudrant*, 689 F.2d 1246, 1251 (5th Cir. 1982); *United States v. Moreno*, 2019 WL 4572795 at *1 (E.D. La. 2019). However, courts "liberally construe briefs of pro se litigants and apply

---

[6] *Id.* at 2.
[7] *Id.* at 3.
[8] R. Doc. No. 203.
[9] Fifth Circuit Case No. 24-30613.
[10] R. Doc. No. 140.
[11] R. Doc. No. 242.

less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

A district court is without jurisdiction to consider the merits of a § 2255 motion while defendant's direct appeal remains pending. *United States v. Fantozzi*, 90 F. App'x 73, 73–74 (5th Cir. 2004); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *see also United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) ("It is a jurisdictional requirement of § 2255 that the conviction and the sentence being challenged are final."). When a district court considers a § 2255 motion while defendant's appeal is still pending, the district court is to dismiss the motion without prejudice. *Fantozzi*, 90 F. App'x at 74.

### III. ANALYSIS

Defendant filed his § 2255 motion on September 3, 2025.[12] A review of the U.S. Fifth Circuit Court of Appeals calendar shows that defendant's appeal is still pending, with oral argument on his appeal to be held on October 8, 2025.[13] Because defendant's appeal is still pending, this Court is without jurisdiction to review the merits of defendant's motion. *Fantozzi*, 90 F. App'x at 74; *Jones*, 453 F.2d at 352.

Accordingly,

---

[12] R. Doc. No. 242.
[13] Fifth Circuit Case No. 24-30613; Court and Special Hearing Calendars, United States Court of Appeals for the Fifth Circuit, https://www.ca5.uscourts.gov/oral-argument-information/court-calendars/ByCase/ (last visited Oct. 7, 2025).

**IT IS ORDERED** that defendant's motion[14] is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, October 7, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 242.