**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 23-34** |
| **RAYSHAUD GREEN** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Rayshaud Green's ("Green") motion[1] for the appointment of counsel. Green has already filed a § 2255 motion[2] in this matter, which this Court dismissed with prejudice.[3] Green describes his present motion as a "request to obtain counsel to assist me in my 28 U.S.C. 2255 motion,"[4] which the Court construes as a motion for the appointment of counsel to file an appeal from the Court's judgment[5] or a post-judgment motion.

"There is no constitutional right to counsel in § 2255 proceedings." *United States v. Woodruff*, No. 14-168, 2023 WL 2683225, at *2 (E.D. La. Mar. 29, 2023) (Africk, J.) (citing *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993)). But, if Green is "financially eligible," it is within the Court's discretion to appoint him counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Ellis*, No. 13-286, 2024 WL 3376081, at *2 (E.D. La. July 11, 2024) (Vance, J.). The interests of justice do not require counsel to be appointed if a motion

---

[1] R. Doc. No. 273.
[2] R. Doc. No. 255.
[3] R. Doc. No. 271.
[4] *Id.* at 1
[5] R. Doc. No. 272.

does not involve "complicated or unresolved issues." *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam).

The interests of justice do not require the Court to appoint counsel for Green. He has not identified any reason why such motion will present complicated or unresolved legal issues. Accordingly,

**IT IS ORDERED** that Green's motion for appointment of counsel is **DENIED**.

New Orleans, Louisiana, June 17, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

2